IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KENTROX, INC.,**

            Plaintiffs,

    v.

**JANE BERSTEIN, MOHAMMAD
MORTAZAVI, LAWRENCE BENNETT,
individually and on behalf of the LAWRENCE
BENNETT REVOCABLE TRUST, ROBERT
A. ELLIS, individually and on behalf of the
ROBERT A. ELLIS REVOCABLE TRUST,
JAWAD KAMEL, ROBERT FERRI,
MICHAEL MANSOURI, and HOSSEIN
ESLAMBOLCHI,**

            Defendants.

**JANE BERSTEIN, MOHAMMAD
MORTAZAVI, LAWRENCE BENNETT,
individually and as trustee of the LAWRENCE
BENNETT REVOCABLE TRUST, ROBERT
A. ELLIS, individually and as trustee of the
ROBERT A. ELLIS REVOCABLE TRUST,
JAWAD KAMEL, ROBERT FERRI,
MICHAEL MANSOURI, and HOSSEIN
ESLAMBOLCHI,**

            Counterclaimants,

    v.

No. 3:13-cv-01492-ST

OPINION AND ORDER

1 – OPINION AND ORDER

**KENTROX, INC., INVESTCORP TECHNOLOGY VENTURES II, L.P., a Cayman Islands limited partnership, INVESTCORP TECHNOLOGY VENTURES II, L.P., a Delaware limited partnership, ITV II (II) L.P., a Cayman Islands limited partnership, WESTELL, INC., a Delaware corporation, ANAND RADHAKRISHNAN, RICHARD CREMONA, and DOES 1 THROUGH 25,**

            Counterdefendants.

**MOSMAN, J.**,

     Plaintiff Kentrox, Inc. ("Kentrox"), seeks a declaration that Oregon's dissenters' rights statute affords Defendants no claim to a remedy for the conversion of their preferred stock to common stock.  In response, Defendants asserted counterclaims against Kentrox and the other Counterdefendants listed in the caption for breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional interference with economic relations.  Kentrox and the other Counterdefendants moved [18] for judgment on the pleadings as to Kentrox's declaratory judgment claim and to dismiss Defendants' counterclaims "insofar as they relate to the conversion of stock."  Judge Stewart recommends [38] that the motion be denied in all respects.  Counterdefendants objected [42] and Defendants responded [44].  With leave of the Court, Counterdefendants filed a reply [47].

## DISCUSSION

     The magistrate judge makes only recommendations to the court, to which any party may file written objections.  I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination.  I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made.  28 U.S.C. § 636(b)(1).  However, I am not required to review, de novo or

under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

Upon review, I conclude that Defendants' breach of contract counterclaim is factually deficient to the extent it rests on Kentrox's alleged failure to pay a liquidation preference in connection with its merger with Westell, Inc. ("Westell").[1] This counterclaim necessarily turns on Defendants' allegation that two funds named Investcorp Technology Ventures II, L.P., and a third named ITV II (II) L.P. (collectively, "Investcorp"), either waived or are estopped from asserting their right under Kentrox's Articles of Incorporation to convert all preferred shares of Kentrox stock to common stock. (Am. Countercl. [33] ¶ 59.) The factual allegations accompanying the counterclaim do not support a plausible inference of either waiver or estoppel.

A corporation's articles of incorporation are "a contract . . . between the corporation and its owners." *Dentel v. Fid. Sav. & Loan Ass'n*, 273 Or. 31, 33, 539 P.2d 649, 651 (1975). A party to a contract may waive any contractual right by conduct, as long as that conduct demonstrates unequivocally the party's intent to relinquish the right. *Bennett v. Farmers Ins. Co. of Or.*, 332 Or. 138, 156–57, 26 P.3d 785, 796–97 (2001). Defendants allege that Investcorp waived its right under Kentrox's Articles of Incorporation to convert their preferred shares to common shares through PowerPoint slides presented to them in 2011 and 2012. (Am. Countercl. [33] ¶¶ 32–33.) Those slides represented to Defendants how large a liquidation preference they

---

[1] This conclusion does not affect Defendants' breach of contract counterclaim to the extent that it rests on Kentrox's alleged failure to provide adequate notice of the merger. (*See* Am. Countercl. [33] ¶¶ 63.)

would receive on their preferred shares in the event of a hypothetical merger.  (Am. Countercl. [33-1] Ex. A at 1.)  Contrary to Defendants' arguments, this hypothetical statement is not an unequivocal relinquishment of Investcorp's right to convert Defendants' preferred shares into common stock.  The PowerPoint slides merely explained to Defendants how much they would receive if they held preferred shares when a merger occurred.

Defendants' counterclaim does not support an inference of estoppel for similar reasons. They allege that they relied to their detriment on a representation that their preferred shares would not be converted to common stock in the event of a merger.  (Am. Countercl. [33] ¶ 34.) They assert that this representation appeared in the 2011 and 2012 PowerPoint slides.  *Id.* However, as already noted, the slides contained no such representation.  Rather than a statement that Investcorp would not exercise its right to force conversion of Defendants' shares, the slides communicated no more than what preferred shareholders would receive if a merger should occur.

In all other respects, I agree with Judge Stewart's findings and recommendation [38], and I ADOPT it as my own opinion.  Kentrox and the other Counterdefendants' Motion for Partial Dismissal and for Partial Judgment on the Pleadings [18] is GRANTED IN PART and Defendants' counterclaim of breach of contract [33] is DISMISSED WITH PREJUDICE to the extent that it rests on Kentrox's failure to pay Defendants the liquidation preference due to Series A Participating Preferred shareholders.  In all other respects, the motion is DENIED.

IT IS SO ORDERED.

DATED this    25th    day of August, 2014.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge